## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CATHERINE HOPKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 03-2320-CM |
| ) | |
| **J.C. PENNEY CORPORATION, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion to Strike Defendant's Bill of Costs; or in the Alternative, Plaintiff's Objections to Defendant's Bill of Costs (Doc. 39). For the reasons set forth below, the court denies plaintiff's motion.

### I.  Background

On June 17, 2003, plaintiff brought this cause of action. On November 19, 2004, the court dismissed plaintiff's case without prejudice for failing to prosecute her case and for failing to comply with procedural rules and the court's orders. The court's November 19, 2004 Order also ordered that plaintiff meet several conditions prior to refiling the case, including reimbursement of defendant's court costs. The court's clerk entered judgment in favor of defendant on December 1, 2004. Defendant subsequently filed a bill of costs on January 27, 2005.

### II.  Plaintiff's Motion to Strike

Plaintiff has moved to strike the bill of costs as untimely and as barred by the court's November 19, 2004 Order dismissing the case. Alternatively, plaintiff objects to the categories of costs contained in the bill

of costs as unwarranted under 28 U.S.C. § 1920.  Defendant contends that its bill of costs was timely, that the costs are not barred by the court's November 19, 2004 Order, and that all of the $1,138.31 set forth in its bill of costs are proper under 28 U.S.C. § 1920.  Defendant further contends that it is not seeking actual payment of the costs at this time; rather, it has properly followed the requirements of Fed. R. Civ. P. 54 and Local Rule 54.1 so that it may seek payment of costs if plaintiff should re-file her lawsuit.

**III.    Discussion**

First, the court notes that, pursuant to Rule 54 and Local Rule 54.1, defendant's bill of costs was timely filed following the court's entry of judgment on December 1, 2004.

Second, defendant's costs are not barred by the court's November 19, 2004 Order.  Defendant is simply preserving its right to such costs if plaintiff should re-file her case.  As such, and per the court's November 19, 2004 Order, the costs that defendant seeks will not become due until such time as plaintiff re-files her case.  Accordingly, the court denies plaintiff's Motion to Strike, but will retain jurisdiction over this matter in case the bill of costs becomes due at a later date.  Should plaintiff be required to pay costs to defendant at a later date, the court will consider, at that time, arguments regarding whether the costs qualify under 28 U.S.C. § 1920.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Strike Defendant's Bill of Costs (Doc. 39) is denied.  It is further ordered that the court shall retain jurisdiction over this matter for determination of costs due to defendant in the event plaintiff re-files her lawsuit.

**SO ORDERED.**

Dated this 3rd day of May 2005, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**

                **CARLOS MURGUIA**
                **United States District Judge**